**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Tammy Marie Walton                              Case No. 25-01339-JAW
              Tommie Earl Walton, Debtors                                    CHAPTER 13

## **NOTICE**

The undersigned counsel for Debtors have filed papers with the court to approve attorney's compensation.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Application, or if you want the court to consider your views on the Application, then on or before 21 days, you or your attorney must:

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to the Debtors' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief, which shall sustain this Application for Compensation.

Date: June 26, 2025         Signature:   /s/ Thomas C. Rollins, Jr.
                                                          Thomas C. Rollins, Jr. (MSBN 103469)
                                                          Jennifer A Curry Calvillo (MSBN 104367)
                                                          The Rollins Law Firm, PLLC
                                                          PO Box 13767
                                                          Jackson, MS 39236
                                                          601-500-5533
                                                          trollins@therollinsfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Tammy Marie Walton                                             Case No. 25-01339-JAW
        Tommie Earl Walton, Debtors                                                CHAPTER 13

**FIRST APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF NECESSARY EXPENSES
FOR THOMAS C. ROLLINS, JR.**

      COMES NOW, Thomas C. Rollins, Jr., (the "Applicant") attorney for the Debtors, and files this *First Application for Allowance of Compensation and Reimbursement of Necessary Expenses for Thomas C. Rollins, Jr.* and in support thereof, would respectfully show to this Honorable Court as follows, to-wit:

1. On May 30, 2025, Debtors filed a bankruptcy petition under Chapter 13 of the bankruptcy code.

**FEE AGREEMENT**

2. The Debtors and Thomas C. Rollins, Jr. of The Rollins Law Firm, PLLC (hereinafter "the firm"), have agreed to an hourly billing arrangement in lieu of this Court's standard "no look" fee award. Per said agreement, attorney T.C. Rollins is billed at a rate of $360.00 per hour while attorney Jennifer Calvillo is billed at a rate of $360.00 per hour. Paralegals are billed at a rate of $155.00 per hour. Legal Assistants bill at $100.00 per hour. Said rates are reasonable and in keeping with community custom and standards for attorneys in this area.

3. Throughout its representation of the Debtors herein, Applicant has maintained itemized billing entries which are completed and maintained contemporaneously with the associated service(s) provided.

**RETAINER**

4. The Debtors herein paid a $1,500.00 advance payment retainer which should be applied to fees awarded pursuant to this application.

**FEES REQUESTED**

5. The time incurred and services provided by the firm during the pendency of this case have resulted in Attorney's fees in the amount of $2,494.00 and expenses in the amount of $510.24 for a total of $3,004.24. A detailed accounting is attached hereto as Exhibit "A".

6. This is the Applicants' first request for allowance of compensation for professional services rendered in this proceeding. This request covers the period from April 7, 2025 to June 19, 2025.

### A. LODESTAR ANALYSIS

**1. The prevailing hourly rate in the community under § 330**

The Applicant requests fees based on the following hourly rates: $360.00 for attorneys, $155.00 for paralegals, and $100.00 for legal assistants.

The hourly rates for attorneys with similar skills and experience as consumer bankruptcy attorneys can vary widely, typically ranging from $200 to $450 per hour. Due to the specialized nature of bankruptcy law, many attorneys are not proficient in this field. However, with 14 years of experience, approximately 4,000 bankruptcy cases filed, board certification in consumer bankruptcy law, and a strong community reputation, Thomas Rollins is well-qualified to command fees at the higher end of this range. Similarly, Jennifer Calvillo, who has 12 years of experience with the same firm, having worked on 90% of those 4,000 cases, holds board

certification in consumer bankruptcy law, is highly regarded in the community, and is a partner in her firm, is equally positioned to charge at the upper end of this spectrum. The Applicants' paraprofessionals charge a blended rate of $127.50 per hour, which is within the reasonable range for paraprofessional services.

**2. Reasonable hours expended**

While Chapter 11 lawyers may only be compensated for reasonable time expended that produce a material benefit to the estate, § 330(a)(B) provides that a chapter 13 debtor's attorney can be awarded reasonable compensation for representing the interests of the debtor, based on the benefit and necessity of such services to the debtor and the other factors found in § 330.

The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.

An itemization of time is attached as Exhibit "A" and an affidavit of Applicant is attached as Exhibit "C".

**3. Lodestar calculation**

The lodestar amount for the Applicant's attorneys is $1,210.00, reflecting 4.4 hours at an hourly rate of $275.00.

For the Applicant's paraprofessionals, the lodestar amount is $1,284.00, based on 10.8 hours at a blended rate of $118.89 per hour.

Together, the total lodestar amount is $2,494.00, representing a combined total of 15.2 hours at a blended rate of $118.89 per hour.

## B. ADJUSTMENTS TO LODESTAR

After determining the appropriate lodestar amount, the Court must decide whether the application of the § 330 factors and the Johnson factors warrant upward or downward adjustment.

**1.      § 330 Factors**

The following § 330 factors were already discussed when determining the lodestar amount:

(A) The time spent on such services;

(B) The rates charged for such services;

(C) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The remaining § 330 factors are discussed b**elow:**

(D) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;

    a. The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.
    b. No adjustment is warranted.

(E) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

    a. The Applicant did not devote excessive time to drafting schedules, pleadings, or conducting research. A significant amount of time was spent investigating the Debtor's financial situation and gathering the necessary documents for submission to the Trustee. This work was efficiently handled by legal assistants, who billed at $100.00 per hour.
    b. No adjustment is warranted.

(F) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    a. Both Thomas Rollins and Jennifer Calvillo are board-certified in consumer bankruptcy law by the American Board of Certification. In Mississippi, only five bankruptcy practitioners hold this certification, with three based in the state. Of these, two are with the Applicant's firm.
    b. The Applicant's extensive experience has already been addressed in the lodestar analysis.
    c. This factor was taken into account when setting the Applicant's hourly rate, but otherwise supports an upward adjustment.

**2.   Johnson Factors**

The following *Johnson* factors were already discussed when determining the lodestar amount:

1. The time and labor required.
2. The novelty and difficulty of the questions presented.
3. The skill required to perform the legal services properly.
4. The customary fee in the community.
5. Whether the fee is fixed or contingent.
6. The experience, reputation, and ability of the attorneys.

The remaining *Johnson* factors are discussed b**elow:**

7. The preclusion of other employment by the attorney due to acceptance of the case.
    a. Not Applicable.
    b. No adjustment is warranted.

8. Time limitations imposed by the client or circumstances.
    a. Not Applicable
    b. No adjustment is warranted.

9. The amount involved and the results obtained.

    a. This factor was already discussed in the § 330 analysis  (Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;)
    b. No adjustment is warranted.
    c.

10. The undesirability of the case.

    a. While this case is no less desirable that other chapter 13 cases, when compared to the broader legal community chapter 13 cases have many elements that make them very undesirable.
    b. **Client Non-Cooperation**: Debtors in Chapter 13 cases may have difficulty gathering the necessary financial documentation or adhering to the repayment plan, which increases the attorney's workload and the chances of case dismissal.
    c. **Length of the Process**: Chapter 13 cases typically last 5 years, which may lead to diminished client interest and requires attorneys to remain vigilant for potential issues throughout the repayment period. Few practice areas demand such a long-term commitment, where a lawyer must predict an appropriate fee upfront. While some bankruptcy cases are confirmed and proceed smoothly, most require substantial additional work post-confirmation, including handling Motions to Dismiss or Motions for Relief.
    d. **Risk of Dismissal**: If the debtor fails to make payments or meet other requirements of the repayment plan, the case may be dismissed, and the attorney may not be compensated for all of the work completed.  Chapter 13 practitioners collect a shockingly low percentage of allowed fees in chapter 13 cases.
    e. This factor weighs in favor of an upward adjustment.

11. The nature and length of the professional relationship with the client.

    a. Applicant had no prior professional relationship with the client prior to their engagement in this matter.
    b. No adjustment is warranted.

12. Awards in similar cases

    a. The "market rate" of $4,000.00 is a distorted figure, as attorneys are pressured to accept it to avoid the burdensome fee application process, rather than reflecting a true market rate.
    b. Under § 330(a)(3)(F), the Court is instructed to compensate bankruptcy attorneys at a rate comparable to that of similarly skilled and experienced **non-bankruptcy attorneys**.
    c. This is only one of the twelve Johnson factors. If the Court determines that a downward adjustment is warranted, this factor should be considered alongside the other § 330 and Johnson factors which favor an upward adjustment of the lodestar.

      d.  Market rates have been addressed in the lodestar analysis, and no additional adjustment is necessary.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that this Court enter an Order awarding reasonable attorneys' fees for the professional services rendered herein and authorizing and directing Debtors to pay said attorneys' fees and expenses. Applicants pray for general relief.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., certify that an accurate copy of the Application for Compensation was filed on CM/ECF this day and that the Chapter 13 Case Trustee and U.S. Trustee are registered to receive electronic notice in this case. The date of said notice is reflected on the Docket.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 25-01339-JAW |
|---|---|
| TAMMY MARIE WALTON<br>TOMMIE EARL WALTON | **DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 6/26/2025, I did cause a copy of the following documents, described below,

Notice and Application for Compensation

Exhibit A Invoice

Exhibit C Affidavit

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/26/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601 500 5533
trollins@therollinsfirm.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>TAMMY MARIE WALTON<br>TOMMIE EARL WALTON | CASE NO: 25-01339-JAW<br><br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 6/26/2025, a copy of the following documents, described below,

Notice and Application for Compensation

Exhibit A Invoice

Exhibit C Affidavit

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/26/2025

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CASE INFO

| | | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-01339-JAW<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>THU JUN 26 8-3-6 PST 2025 | CAPITAL ONE AUTO FINANCE  A DIVISION OF<br>CAPI<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY   OK 73118-7901 | FEDERAL HOME LOAN MORTGAGE CORPORATION<br>AS TR<br>ATTN BK DEPT  3501 OLYMPUS BLVD<br>5TH FLOOR  SUITE 500<br>DALLAS  TX 75019 |
| FEDERAL HOME LOAN MORTGAGE CORPORATION<br>AS T<br>PO BOX 65250<br>SALT LAKE CITY  UT 84165-0250 | ~~EXCLUDE~~<br>~~US BANKRUPTCY COURT~~<br>~~THAD COCHRAN US COURTHOUSE~~<br>~~501 E COURT STREET~~<br>~~SUITE 2300~~<br>~~JACKSON  MS 39201-5036~~ | CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY  UT 84130-0285 |
| CAPITAL ONE<br>PO BOX 31293<br>SALT LAKE CITY  UT 84131-0293 | CAPITAL ONE AUTO<br>ATTN BANKRUPTCY<br>7933 PRESTON RD<br>PLANO  TX 75024-2359 | CAPITAL ONE AUTO FINANCE  A DIVISION C<br>CAPITAL ONE  NA  DEPARTMENT<br>AIS PORTFOLIO SERVICES  LLC<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY  OK 73118-7901 |
| CAPITAL ONE  NA<br>BY AIS INFOSOURCE LP AS AGENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY  OK 73118-7901 | COMENITY<br>ATTN BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS  OH 43218-2125 | DEPARTMENT OF TREASURYINTERNAL REVENUE<br>SERV<br>PO BOX 7346<br>PHILADELPHIA  PA 19101-7346 |
| ELITE PT<br>1645 W GOVERNMENT ST<br>BRANDON  MS 39042-4602 | FOX COLLECTION CENTER<br>PO BOX 528<br>GOODLETTSVILL  TN 37070-0528 | HEIGHTS FINANCE<br>101 N MAIN ST STE 600<br>GREENVILLE  SOUTH CAROLINA 29601-4846 |
| INTERNAL REVENUE SERVI<br>CO US ATTORNEY<br>501 EAST COURT ST<br>STE 4430<br>JACKSON  MS 39201-5025 | KIMBERLY D PUTNAM  ESQ<br>FOR FEDERAL HOME LOAN MORTGAGE<br>CORPORATI<br>AS TRUSTEE FOR FREDDIE MAC SLST 2024-2<br>1820 AVENUE OF AMERICA<br>MONROE  LA 71201-4530 | LOGS LEGAL GROUP LLP<br>FOR FEDERAL HOME LOAN MORTGAGE<br>CORPORATI<br>AS TRUSTEE OF THE BENEFIT OF THE<br>FREDDIE<br>579 LAKELAND EAST DRIVE  SUITE D<br>FLOWOOD  MS 39232-9037 |
| MS DEPT OF REVENUE<br>BANKRUPTCY SECTION<br>PO BOX 22808<br>JACKSON  MS 39225-2808 | MS UROLOGY CLINIC<br>PO BOX 116663<br>ATLANTA  GA 30368-6663 | MARINER FINANCE<br>ATTN BANKRUPTCY<br>8211 TOWN CENTER DR<br>NOTTINGHAM  MD 21236-5904 |
| MIDLAND CREDIT MGMT<br>ATTN BANKRUPTCY<br>PO BOX 939069<br>SAN DIEGO  CA 92193-9069 | PRUDENTIAL<br>PO BOX 7390<br>PHILADELPHIA  PA 19176-7390 | RADIOLOGICAL GROUP<br>PO BOX 2989<br>JACKSON  MS 39207-2989 |
| (P)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 | ~~EXCLUDE~~<br>~~(D)(P)REPUBLIC FINANCE LLC~~<br>~~282 TOWER RD~~<br>~~PONCHATOULA LA 70454-8318~~ | SELECT PORTFOLIO<br>ATTN BANKRUPTCY<br>PO BOX 65250<br>SALT LAKE CITY  UT 84165-0250 |

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| SELENE FINANCE<br>ATTN BANKRUPTCY<br>PO BOX 8619<br>PHILADELPHIA  PA 19101-8619 | SHADOW PROPERTY OWNERS<br>PO BOX 320248<br>FLOWOOD  MS 39232-0248 | SHADOWOOD HOA<br>PO BOX 320248<br>FLOWOOD  MS 39232-0248 |
| SHADOWOODWENDOVER HOA<br>PO BOX 320248<br>FLOWOOD  MS 39232-0248 | SYNCHRONY BANK<br>ATTN BANKRUPTCY<br>PO BOX 965060<br>ORLANDO  FL 32896-5060 | TOTAL PAIN CARE<br>PO BOX 649113<br>DALLAS  TX 75264-9113 |
| (P)TOWER LOAN<br>P O BOX 320001<br>FLOWOOD MS 39232-0001 | UPS EMPLOYEES CREDIT UNION<br>ATTN BANKRUPTCY<br>1814 EAST BROOKS ROAD<br>MEMPHIS  TN 38116-3608 | US ATTORNEY GENERAL<br>US DEPT OF JUSTICE<br>950 PENNSYLVANIA AVENW<br>WASHINGTON  DC 20530-0001 |
| EXCLUDE<br>UNITED STATES TRUSTEE<br>501 EAST COURT STREET<br>SUITE 6-430<br>JACKSON  MS 39201-5022 | WILKINSON LAW FIRM<br>51 KEYWOOD CIRCLE<br>FLOWOOD  MS 39232 | EXCLUDE<br>HAROLD J BARKLEY JR<br>PO BOX 4476<br>JACKSON  MS 39296-4476 |
| DEBTOR<br>TAMMY MARIE WALTON<br>623 KINSINGTON COURT<br>RIDGELAND  MS 39157-4138 | EXCLUDE<br>THOMAS CARL ROLLINS JR<br>THE ROLLINS LAW FIRM  PLLC<br>PO BOX 13767<br>JACKSON  MS 39236-3767 | TOMMIE EARL WALTON<br>623 KINSINGTON COURT<br>RIDGELAND  MS 39157-4138 |