United States Bankruptcy Court
Southern District of Mississippi

In re: Case No. 25-01339-JAW
Tammy Marie Walton  Chapter 13
Tommie Earl Walton
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0538-3     User: mssbad     Page 1 of 2
Date Rcvd: Oct 09, 2025     Form ID: pdf012     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 11, 2025:**

**Recip ID     Recipient Name and Address**
db/jdb     + Tammy Marie Walton, Tommie Earl Walton, 623 Kinsington Court, Ridgeland, MS 39157-4138

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 11, 2025     Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 9, 2025 at the address(es) listed below:

**Name     Email Address**

Eric C Miller
    on behalf of Creditor Federal Home Loan Mortgage Corporation As Trustee For The Benefit Of The Freddie Mac Seasoned Loans logsecf@logs.com

Harold J. Barkley, Jr.
    HJB@HBarkley13.com hbarkley13@ecf.epiqsystems.com;trusteeMSSB2M@ecf.epiqsystems.com

Kimberly D. Putnam
    on behalf of Creditor Federal Home Loan Mortgage Corporation as Trustee for Freddie Mac SLST 2024-2 Participation Interest Trust kim.mackey@ms.creditorlawyers.com, msecf@ms.creditorlawyers.com

Thomas Carl Rollins, Jr
    on behalf of Debtor Tammy Marie Walton trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

| District/off: 0538-3 | User: mssbad | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Oct 09, 2025 | Form ID: pdf012 | Total Noticed: 1 |

Thomas Carl Rollins, Jr
    on behalf of Joint Debtor Tommie Earl Walton trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com

United States Trustee
    USTPRegion05.JA.ECF@usdoj.gov

Wilkin Gray Hensarling
    on behalf of Creditor Federal Home Loan Mortgage Corporation As Trustee For The Benefit Of The Freddie Mac Seasoned Loans whensarling@logs.com  logsecf@logs.com

TOTAL: 7



SO ORDERED,

*Jamie A. Wilson*

Judge Jamie A. Wilson
United States Bankruptcy Judge
Date Signed: October 9, 2025

The Order of the Court is set forth below. The docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re:

TAMMY MARIE WALTON,　　　　　　　　　　　　　Case No.: 25-01339-JAW
TOMMIE EARL WALTON
　　　DEBTORS.　　　　　　　　　　　　　　　　　　　　　Chapter 13

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 05/30/2025 (date), and amended/modified by subsequent order(s) of the court, if any. The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1. The debtor's chapter 13 plan attached hereto is confirmed.

2. The following motions are granted *(if any)*:

   a. Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);
   b. Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).

3. The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.

4. All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The debtor's attorney ~~is awarded a fee in the amount of $ of which $ is due and payable from the estate.~~ will file a fee application and the fees awarded will be paid from the estate.

### ##END OF ORDER##

Approved:　　　　　　　　　　　　　　　　　　　　　　　Submitted by:

/S/ Thomas C. Rollins **with permission**　　　　　　/s/ Harold J. Barkley, Jr_____.
THOMAS C. ROLLINS, JR – MSB # 103469　　　　Harold J. Barkley, Jr. – MSB #2008
THE ROLLINS LAW FIRM PLLC　　　　　　　　　　Post Office Box 4476
P O BOX 13767　　　　　　　　　　　　　　　　　　　Jackson, MS 39296-4476
JACKSON, MS 39236-0000　　　　　　　　　　　　　Phone: 601/362-6161
Phone: (601)500-5533　　　　　　　　　　　　　　　　e-mail : hjb@hbarkley13.com
e-mail: trollins@therollinsfirm.com

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Tammy Marie Walton** <br> Full Name (First, Middle, Last) | |
| Debtor 2 <br> (Spouse, if filing) | **Tommie Earl Walton** <br> Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** | ☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. <br> **2.2, 4.4, 5.1** |
| Case number: <br> (If known) | **25-01339** | |

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance 12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of **60** months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:** $3,702.00

Debtor shall pay ~~$3,418.20~~ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Fresenius Medical Group**
**5722 Hwy 55 N**
**Jackson MS 39211-0000**

| Debtor | **Tammy Marie Walton**<br>**Tommie Earl Walton** | Case number | **25-01339** |
|---|---|---|---|

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:
_____

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** ☑  **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**    Mtg pmts to    ~~Select Portfolio~~ Federal Home Loan Mortgage Corp
Beginning **June 2025**    @ $2,667.82 **$2,697.93** ☑ Plan    ☐ Direct.    Includes escrow ☑ Yes  ☐ No

**1**    Mtg arrears to    ~~Select Portfolio~~ Federal Home Loan Mortgage Corp    Through **May 2025**    $28,038.83    ~~$8,100.00~~

**3.1(b)** ☐  **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property address:    **-NONE-** _____

Mtg pmts to _____
Beginning   month _____   @ _____   Plan   Direct.   Includes escrow   Yes   No

Property **-NONE-**   Mtg arrears to _____   Through _____   _____

**3.1(c)** ☑  **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:    ~~Selene Finance~~ Federal Home Loan Mortgage Corp    Approx. amt. due:    $43,675.24    Int. Rate*:    ~~10.00%~~ 7.25% TCR *with permission*

Property Address:    **1126 N Old Canton Rd Canton, MS 39046  Madison County**
Principal Balance to be paid with interest at the rate above:    **$43,675.24**
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $    0.00
(Equal to Total Debt less Principal Balance)

Per 9/25/25 A/O, Future Taxes & Insurance will be paid directly by the Debtors.
Special claim for taxes/insurance: $ _____  ~~NONE~~ /month, beginning    ~~month~~.

**Mississippi Chapter 13 Plan**                                                                 Page 2

| Debtor | **Tammy Marie Walton**<br>**Tommie Earl Walton** | Case number | **25-01339** |
|---|---|---|---|

(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2** Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| MDOR | $7,084.78 | 2017, 2020 & 2022 | $7,084.78 Per 10/6/25 A/O $7,084.78 | | 6.00% |
| Capital One Auto | $28,130.82 | 2021 Infiniti Q50 54353 miles | $26,590.00 | $26,590.00 | 10.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Shadowood-Wendover HOA | $1,224.16 | 623 Kinsington Court Ridgeland, MS 39157 Madison County | $420,000.00 | $1,224.16 | 10.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Tower Loan | $4,049.95 ~~$2,244.00~~ | 2005 John Deere 42' riding mower | $1,500.00 | $1,500.00 | 10.00% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| UPS Employees CU | $34,911.79 | 2019 Toyota Tundra 90616 miles | $31,849.00 | $31,849.00 | 10.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| -NONE- | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

| Debtor | **Tammy Marie Walton**  **Tommie Earl Walton** | Case number | **25-01339** |
|---|---|---|---|

For vehicles identified in § 3.2: The current mileage is _____

**3.3** Secured claims excluded from 11 U.S.C. § 506.

  *Check one.*
  ☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** Motion to avoid lien pursuant to 11 U.S.C. § 522.

*Check one.*
  ☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** Surrender of collateral.

  *Check one.*
  ☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
  ☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of Creditor** | **Collateral** | |
|---|---|---|
| Republic Finance | **Household Goods** | Filed unsecured |

*Insert additional claims as needed.*

---

**Part 4:** **Treatment of Fees and Priority Claims**

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

  ☐ No look fee: ____

  Total attorney fee charged: $ _____

  Attorney fee previously paid: $ _____   $1,504.24 Per 7/23/25 Order granting first application for allowance of compensation & reimbursement of expenses for The Rollins Law Firm, PLLC

  Attorney fee to be paid in plan per confirmation order: $ _____

  ☑ Hourly fee: $ **360.00** . (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

  *Check one.*
  ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
  ☑ Internal Revenue Service      **$30,352.95** _____ .
  ☒ Mississippi Dept. of Revenue    ~~$0.00~~ $247.23 Per 10/6/25 A/O  .
  ☐ Other _____        **$0.00** _____ .

**4.5** **Domestic support obligations.**

Mississippi Chapter 13 Plan                                             Page 4

| Debtor | **Tammy Marie Walton**  **Tommie Earl Walton** | Case number | **25-01339** |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $
☑ **23.00** % of the total amount of these claims, an estimated payment of $ **75,000.89**
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**74,057.47**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
 **Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**
_____

### Part 9: Signatures:

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

| X  **/s/ Tammy Marie Walton** | X  **/s/ Tommie Earl Walton** |
|---|---|
| **Tammy Marie Walton** | **Tommie Earl Walton** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  **August 11, 2025** | Executed on  **August 13, 2025** |
| **623 Kinsington Court** | **623 Kinsington Court** |
| Address | Address |
| **Ridgeland MS 39157-0000** | **Ridgeland MS 39157-0000** |

| Debtor | **Tammy Marie Walton** | Case number | **25-01339** |
|---|---|---|---|
| | **Tommie Earl Walton** | | |

City, State, and Zip Code | City, State, and Zip Code

Telephone Number | Telephone Number

X **/s/ Thomas C. Rollins, Jr.**      Date **August 5, 2025**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**      **103469 MS**
Telephone Number      MS Bar Number
**trollins@therollinsfirm.com**
Email Address