# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  Tammy Marie Walton  Case No. 25-01339-JAW
        Tommie Earl Walton, Debtors  CHAPTER 13

## **NOTICE**

The undersigned counsel for Debtors has filed papers with the court to approve attorney's compensation.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Application, or if you want the court to consider your views on the Application, then on or before 21 days, you or your attorney must:

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to the Debtors' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief, which shall sustain this Application for Compensation.

Date: November 6, 2025     Signature:  /s/ Thomas C. Rollins, Jr.
                                       Thomas C. Rollins, Jr. (MSBN 103469)
                                       Jennifer A Curry Calvillo (MSBN 104367)
                                       The Rollins Law Firm, PLLC
                                       PO Box 13767
                                       Jackson, MS 39236
                                       601-500-5533
                                       trollins@therollinsfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:    Tammy Marie Walton                                    Case No. 25-01339-JAW
          Tommie Earl Walton, Debtors                                      CHAPTER 13

**SECOND APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF NECESSARY EXPENSES
FOR THOMAS C. ROLLINS, JR.**

COMES NOW, Thomas C. Rollins, Jr., (the "Applicant") attorney for the Debtors, and files this *Second Application for Allowance of Compensation and Reimbursement of Necessary Expenses for Thomas C. Rollins, Jr.* and in support thereof, would respectfully show to this Honorable Court as follows, to-wit:

1. On May 30, 2025, Debtors filed a bankruptcy petition under Chapter 13 of the bankruptcy code.

**FEE AGREEMENT**

2. The Debtors and Thomas C. Rollins, Jr. of The Rollins Law Firm, PLLC (hereinafter "the firm"), have agreed to an hourly billing arrangement in lieu of this Court's standard "no look" fee award. Per said agreement, attorney T.C. Rollins is billed at a rate of $360.00 per hour while attorney Jennifer Calvillo is billed at a rate of $360.00 per hour. Paralegals are billed at a rate of $155.00 per hour. Legal Assistants bill at $100.00 per hour. Said rates are reasonable and in keeping with community custom and standards for attorneys in this area.

3. Throughout its representation of the Debtors herein, Applicant has maintained itemized billing entries which are completed and maintained contemporaneously with the associated service(s) provided.

## RETAINER

4. The Debtors provided an advanced payment retainer in the amount of $1,500.00, which was disbursed pursuant to *Order Granting First Application for Allowance of Compensation and Reimbursement of Necessary Expenses for Thomas C. Rollins, Jr.* (Dk #38).

## FEES PAID TO DATE

5. The Court previously approved interim compensation in the amount of $3,004.24 (Dk # 38).

6. The trustee has disbursed $1,504.24 on this claim as of October 30, 2025, in addition to the $1,500.00 advanced retainer payment.

## ADDITIONAL FEES REQUESTED

7. The time incurred and services provided by the firm since the filing of the previous fee application have resulted in Attorney's fees in the amount of $2,097.50 and expenses in the amount of $235.46 for a total of $2,332.96. A detailed accounting of which is attached hereto as Exhibit "A".

8. This is the Applicants' second request for allowance of compensation for professional services rendered in this proceeding. This request covers the period from June 19, 2025, to October 30, 2025.

## TOTAL FEES FOR SECOND APPROVAL

9. The time incurred and services provided by the firm during the pendency of this case have resulted in Attorney's fees in the amount of $4,591.50 and expenses in the amount of $745.70 for a total of $5,337.20. A detailed accounting is attached hereto as Exhibit "B".

## A. LODESTAR ANALYSIS

### 1. The prevailing hourly rate in the community under § 330

The Applicant requests fees based on the following hourly rates: $360.00 for attorneys, $155.00 for paralegals, and $100.00 for legal assistants.

The hourly rates for attorneys with similar skills and experience as consumer bankruptcy attorneys can vary widely, typically ranging from $200 to $450 per hour. Due to the specialized nature of bankruptcy law, many attorneys are not proficient in this field. However, with 14 years of experience, approximately 4,000 bankruptcy cases filed, board certification in consumer bankruptcy law, and a strong community reputation, Thomas Rollins is well-qualified to command fees at the higher end of this range. Similarly, Jennifer Calvillo, who has 12 years of experience with the same firm, having worked on 90% of those 4,000 cases, holds board certification in consumer bankruptcy law, is highly regarded in the community, and is a partner in her firm, is equally positioned to charge at the upper end of this spectrum. The Applicants' paraprofessionals charge a blended rate of $127.50 per hour, which is within the reasonable range for paraprofessional services.

### 2. Reasonable hours expended

While Chapter 11 lawyers may only be compensated for reasonable time expended that produce a material benefit to the estate, § 330(a)(B) provides that a chapter 13 debtor's attorney can be awarded reasonable compensation for representing the interests of the debtor, based on the benefit and necessity of such services to the debtor and the other factors found in § 330.

The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.

An itemization of time is attached as Exhibit "B" and an affidavit of Applicant is attached as Exhibit "C".

**3. Lodestar calculation**

The lodestar amount for the Applicant's attorneys is $2,007.50, reflecting 8.3 hours at an hourly rate of $241.87.

For the Applicant's paraprofessionals, the lodestar amount is $2,584.00, based on 24.1 hours at a blended rate of $107.22 per hour.

Together, the total lodestar amount is $4,591.50, representing a combined total of 32.4 hours at a blended rate of $141.71 per hour.

## B. ADJUSTMENTS TO LODESTAR

After determining the appropriate lodestar amount, the Court must decide whether the application of the § 330 factors and the Johnson factors warrant upward or downward adjustment.

**1.    § 330 Factors**

The following § 330 factors were already discussed when determining the lodestar amount:

(A) The time spent on such services;

(B) The rates charged for such services;

(C) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The remaining § 330 factors are discussed b**elow:**

(D) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;

      a. The services provided to the Debtor and the expenses incurred by the Applicant were essential for administering the bankruptcy case, safeguarding the Debtor's rights, and fulfilling the Applicant's obligations under the Bankruptcy Code.
      b. No adjustment is warranted.

(E) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

      a. The Applicant did not devote excessive time to drafting schedules, pleadings, or conducting research. A significant amount of time was spent investigating the Debtor's financial situation and gathering the necessary documents for submission to the Trustee. This work was efficiently handled by legal assistants, who billed at $100.00 per hour.
      b. No adjustment is warranted.

(F) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      a. Both Thomas Rollins and Jennifer Calvillo are board-certified in consumer bankruptcy law by the American Board of Certification. In Mississippi, only five bankruptcy practitioners hold this certification, with three based in the state. Of these, two are with the Applicant's firm.
      b. The Applicant's extensive experience has already been addressed in the lodestar analysis.
      c. This factor was taken into account when setting the Applicant's hourly rate, but otherwise supports an upward adjustment.

## 2. Johnson Factors

The following *Johnson* factors were already discussed when determining the lodestar amount:

1. The time and labor required.
2. The novelty and difficulty of the questions presented.
3. The skill required to perform the legal services properly.
4. The customary fee in the community.
5. Whether the fee is fixed or contingent.

6. The experience, reputation, and ability of the attorneys.

The remaining *Johnson* factors are discussed b**elow:**

7. The preclusion of other employment by the attorney due to acceptance of the case.
    a. Not Applicable.
    b. No adjustment is warranted.

8. Time limitations imposed by the client or circumstances.

    a. Not Applicable
    b. No adjustment is warranted.

9. The amount involved and the results obtained.

    a. This factor was already discussed in the § 330 analysis (Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of a case under this title;)
    b. No adjustment is warranted.
    c.
10. The undesirability of the case.

    a. While this case is no less desirable that other chapter 13 cases, when compared to the broader legal community chapter 13 cases have many elements that make them very undesirable.
    b. **Client Non-Cooperation**: Debtors in Chapter 13 cases may have difficulty gathering the necessary financial documentation or adhering to the repayment plan, which increases the attorney's workload and the chances of case dismissal.
    c. **Length of the Process**: Chapter 13 cases typically last 5 years, which may lead to diminished client interest and requires attorneys to remain vigilant for potential issues throughout the repayment period. Few practice areas demand such a long-term commitment, where a lawyer must predict an appropriate fee upfront. While some bankruptcy cases are confirmed and proceed smoothly, most require substantial additional work post-confirmation, including handling Motions to Dismiss or Motions for Relief.
    d. **Risk of Dismissal**: If the debtor fails to make payments or meet other requirements of the repayment plan, the case may be dismissed, and the attorney may not be compensated for all of the work completed. Chapter 13 practitioners collect a shockingly low percentage of allowed fees in chapter 13 cases.
    e. This factor weighs in favor of an upward adjustment.

11. The nature and length of the professional relationship with the client.

  a. Applicant had no prior professional relationship with the client prior to their engagement in this matter.
  b. No adjustment is warranted.

12. Awards in similar cases

  a. The "market rate" of $4,000.00 is a distorted figure, as attorneys are pressured to accept it to avoid the burdensome fee application process, rather than reflecting a true market rate.
  b. Under § 330(a)(3)(F), the Court is instructed to compensate bankruptcy attorneys at a rate comparable to that of similarly skilled and experienced **non-bankruptcy attorneys**.
  c. This is only one of the twelve Johnson factors. If the Court determines that a downward adjustment is warranted, this factor should be considered alongside the other § 330 and Johnson factors which favor an upward adjustment of the lodestar.
  d. Market rates have been addressed in the lodestar analysis, and no additional adjustment is necessary.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that this Court enter an Order awarding reasonable attorneys' fees for the professional services rendered herein and authorizing and directing Debtors to pay said attorneys' fees and expenses. Applicants pray for general relief.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

CERTIFICATE OF SERVICE

  I, Thomas C. Rollins, Jr., certify that an accurate copy of the Application for Compensation was filed on CM/ECF this day and that the Chapter 13 Case Trustee and U.S. Trustee are registered to receive electronic notice in this case. The date of said notice is reflected on the Docket.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

TAMMY MARIE WALTON
TOMMIE EARL WALTON

CASE NO: 25-01339-JAW

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

Chapter: 13

On 11/6/2025, I did cause a copy of the following documents, described below,

Notice and Application for Compensation

Exhibit A Invoice

Exhibit B Accounting

Exhibit C Affidavit

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/6/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br>TAMMY MARIE WALTON<br>TOMMIE EARL WALTON | CASE NO: 25-01339-JAW<br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br>Chapter: 13 |

On 11/6/2025, a copy of the following documents, described below,

Notice and Application for Compensation

Exhibit A Invoice

Exhibit B Accounting

Exhibit C Affidavit

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/6/2025

_/s/ Miles Wood_

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

| | | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-01339-JAW<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>THU NOV 6 11-58-55 PST 2025 | CAPITAL ONE AUTO FINANCE  A DIVISION OF CAPI<br>CO AIS PORTFOLIO SERVICES  LLC<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY  OK 73118-7901 | FEDERAL HOME LOAN MORTGAGE CORPORATION AS TR<br>ATTN BK DEPT  3501 OLYMPUS BLVD<br>5TH FLOOR  SUITE 500<br>DALLAS  TX 75019 |
| FEDERAL HOME LOAN MORTGAGE CORPORATION  AS T<br>PO BOX 65250<br>SALT LAKE CITY  UT 84165-0250 | ~~EXCLUDE~~<br>~~US BANKRUPTCY COURT~~<br>~~THAD COCHRAN US COURTHOUSE~~<br>~~501 E COURT STREET~~<br>~~SUITE 2300~~<br>~~JACKSON  MS 39201-5036~~ | CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY  UT 84130-0285 |
| CAPITAL ONE<br>PO BOX 31293<br>SALT LAKE CITY  UT 84131-0293 | CAPITAL ONE AUTO<br>ATTN BANKRUPTCY<br>7933 PRESTON RD<br>PLANO  TX 75024-2359 | CAPITAL ONE AUTO FINANCE  A DIVISION OF<br>CAPITAL ONE  NA  DEPARTMENT<br>AIS PORTFOLIO SERVICES  LLC<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY  OK 73118-7901 |
| CAPITAL ONE  NA<br>BY AIS INFOSOURCE LP AS AGENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY  OK 73118-7901 | COMENITY<br>ATTN BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS  OH 43218-2125 | DEPARTMENT OF TREASURYINTERNAL REVENUE SERV<br>PO BOX 7346<br>PHILADELPHIA  PA 19101-7346 |
| ELITE PT<br>1645 W GOVERNMENT ST<br>BRANDON  MS 39042-4602 | FEDERAL HOME LOAN MORTGAGE CORPORATION AS TR<br>SELENE FINANCE  LP<br>ATTN BK DEPT  3501 OLYMPUS BLVD<br>5TH FLOOR  SUITE 500<br>DALLAS   TX  75019 | FEDERAL HOME LOAN MORTGAGE CORPORATION AS TR<br>FOR FREDDIE MAC SLST 20242 PARTICIPATIO<br>SELECT PORTFOLIO SERVICING  INC<br>PO BOX 65250<br>SALT LAKE CITY UT 84165-0250 |
| FIRST HERITAGE<br>101 N MAIN ST STE 600<br>GREENVILLE  SOUTH CAROLINA 29601-4846 | FOX COLLECTION CENTER<br>PO BOX 528<br>GOODLETTSVILL  TN 37070-0528 | GULFCO OF MISSISSIPPI  LLC<br>PO BOX 320001<br>FLOWOOD  MS 39232-0001 |
| HEIGHTS FINANCE<br>101 N MAIN ST STE 600<br>GREENVILLE  SOUTH CAROLINA 29601-4846 | INTERNAL REVENUE SERVI<br>CO US ATTORNEY<br>501 EAST COURT ST<br>STE 4430<br>JACKSON  MS 39201-5025 | KIMBERLY D PUTNAM  ESQ<br>FOR FEDERAL HOME LOAN MORTGAGE CORPORATI<br>AS TRUSTEE FOR FREDDIE MAC SLST 2024-2<br>1820 AVENUE OF AMERICA<br>MONROE  LA 71201-4530 |
| LOGS LEGAL GROUP LLP<br>FOR FEDERAL HOME LOAN MORTGAGE CORPORATI<br>AS TRUSTEE OF THE BENEFIT OF THE FREDDIE<br>579 LAKELAND EAST DRIVE  SUITE D<br>FLOWOOD  MS 39232-9037 | LVNV FUNDING  LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE  SC 29603-0587 | MS DEPT OF REVENUE<br>BANKRUPTCY SECTION<br>PO BOX 22808<br>JACKSON  MS 39225-2808 |
| MS UROLOGY CLINIC<br>PO BOX 116663<br>ATLANTA  GA 30368-6663 | MARINER FINANCE<br>8211 TOWN CENTER DR<br>NOTTINGHAM  MD 21236-5904 | MIDLAND CREDIT MANAGEMENT  INC<br>PO BOX 2037<br>WARREN  MI 48090-2037 |

```
MIDLAND CREDIT MGMT                 PRUDENTIAL                          QUANTUM3 GROUP LLC AS AGENT FOR
ATTN BANKRUPTCY                     PO BOX 7390                         COMENITY CAPITAL BANK
PO BOX 939069                       PHILADELPHIA  PA 19176-7390         PO BOX 788
SAN DIEGO  CA 92193-9069                                                KIRKLAND  WA  98083-0788



QUANTUM3 GROUP LLC AS AGENT FOR     RADIOLOGICAL GROUP                  (P)REPUBLIC FINANCE LLC
SADINO FUNDING LLC                  PO BOX 2989                         282 TOWER RD
PO BOX 788                          JACKSON  MS 39207-2989              PONCHATOULA LA 70454-8318
KIRKLAND  WA  98083-0788



EXCLUDE

(D)(P)REPUBLIC FINANCE LLC          RESURGENT RECEIVABLES  LLC          SELECT PORTFOLIO
282 TOWER RD                        RESURGENT CAPITAL SERVICES          ATTN BANKRUPTCY
PONCHATOULA LA 70454-0310           PO BOX 10587                        PO BOX 65250
                                    GREENVILLE  SC 29603-0587           SALT LAKE CITY  UT 84165-0250



SELENE FINANCE                      SHADOW PROPERTY OWNERS              SHADOWOOD HOA
ATTN BANKRUPTCY                     PO BOX 320248                       PO BOX 320248
PO BOX 8619                         FLOWOOD  MS 39232-0248              FLOWOOD  MS 39232-0248
PHILADELPHIA  PA 19101-8619



SHADOWOODWENDOVER HOA               SYNCHRONY BANK                      TOTAL PAIN CARE
PO BOX 320248                       ATTN BANKRUPTCY                     PO BOX 649113
FLOWOOD  MS 39232-0248              PO BOX 965060                       DALLAS  TX 75264-9113
                                    ORLANDO  FL 32896-5060



(P)TOWER LOAN                       UPS EMPLOYEES CREDIT UNION          US ATTORNEY GENERAL
P O BOX 320001                      ATTN BANKRUPTCY                     US DEPT OF JUSTICE
FLOWOOD MS 39232-0001               1814 EAST BROOKS ROAD               950 PENNSYLVANIA AVENW
                                    MEMPHIS  TN 38116-3608              WASHINGTON  DC 20530-0001



EXCLUDE                                                                 EXCLUDE

UNITED STATES TRUSTEE               WILKINSON LAW FIRM                  HAROLD J BARKLEY JR
501 EAST COURT STREET               51 KEYWOOD CIRCLE                   PO BOX 4476
SUITE 6-430                         FLOWOOD  MS 39232                   JACKSON  MS 39296-4476
JACKSON  MS 39201-5022



DEBTOR                              EXCLUDE

TAMMY MARIE WALTON                  THOMAS CARL ROLLINS JR              TOMMIE EARL WALTON
623 KINSINGTON COURT                THE ROLLINS LAW FIRM  PLLC          623 KINSINGTON COURT
RIDGELAND  MS 39157-4138            PO BOX 13767                        RIDGELAND  MS 39157-4138
                                    JACKSON  MS 39236-3767
```